IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:20-cv-946

**GARY WAYNE PINION, JR.,**

    Plaintiff,

vs.

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON F/K/A LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**

    Defendant.

## COMPLAINT

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq*. ("ERISA"), to recover benefits due under an employee welfare benefit plan and to recover costs, attorneys' fees, and interest, as provided by ERISA.

PARTIES

2. Plaintiff, Gary Wayne Pinion, Jr., is a citizen and resident of New London, Stanly County, North Carolina.

3. Defendant, Lincoln Life Assurance Company of Boston formerly known as Liberty Life Assurance Company of Boston (hereinafter "Lincoln"), is a New Hampshire corporation with a principal office in Boston, Massachusetts. Lincoln operates under the name "Lincoln Financial Group" (hereinafter, collectively referred to as "Lincoln").

4. At all times relevant to this action, Liberty Life Assurance Company of Boston ("Liberty") provided insured long-term disability ("LTD") benefits pursuant to the Clayton Homes, Inc. Group Health and Welfare Plan ("the Plan").

5. Upon information and belief, effective in 2018, Liberty was acquired by Lincoln under the terms of a master transaction agreement and, effective September 1, 2019, Liberty changed its name to Lincoln Life Assurance Company of Boston.

6. Lincoln Life Assurance Company of Boston is the successor in interest to Liberty Life Assurance Company of Boston for all matters at issue in this litigation.

7. Any of the acts or omissions described herein that were by Liberty are now properly ascribed to and/or assumed by Lincoln (Liberty and Lincoln hereinafter collectively referred to as "Defendant").

8. Defendant serves as the claims administrator and fiduciary in handling all aspects of disability benefit claims made by insured beneficiaries under the Plan, including the Plaintiff in this action.

9. Defendant has a fiduciary obligation to Plaintiff to administer the Plan fairly and impartially, for the exclusive benefit of beneficiaries such as Plaintiff.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by 29 U.S.C. § 1132.

11. Venue in the Middle District of North Carolina is appropriate by virtue of

Plaintiff's residence in this district and Defendant's doing business in this district.

## FACTUAL ALLEGATIONS

12. At all times relevant to this action, Plaintiff was a covered beneficiary under the group policy (Policy No. GF3-850-291250-01) issued by Liberty to Clayton Homes, Inc. (the "Policy").

13. Plaintiff worked as a Costing and Information Analyst for Clayton Homes, Inc. ("Clayton") prior to his disability onset. Clayton is a builder of manufactured housing and modular homes.

14. The Plan provides LTD benefits to beneficiaries who meet the Policy definition of "disability" or "disabled," as follows:

> *For persons other than pilots, co-pilots, and crewmembers of an aircraft:*
>
> *i. that during the Elimination Period and the next 24 months of Disability you, as a result of Injury or Sickness, are unable to perform the Material and Substantial Duties of your Own Occupation; and*
>
> *ii. thereafter, you are unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

15. The Policy defines "Material and Substantial Duties" as follows:

> *"Material and Substantial Duties" means responsibilities that are normally required to perform your Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*

16. The Policy defines "Own Occupation" as follows:

> *"Own Occupation" means your occupation that you were performing when your Disability or Partial Disability began. For the purposes of determining Disability under this plan, Liberty will consider your occupation as it is normally performed in the national economy.*

17. The Policy defines "Any Occupation" as follows:

*"Any Occupation" means any occupation that you are or become reasonably fitted by training, education, experience, age, physical and mental capacity.*

18. On or about April 6, 2019, Plaintiff was forced to stop working and leave employment with Clayton due to increasingly severe back pain.

19. Plaintiff suffers from numerous conditions, including, but not limited to:

   a. Degenerative disc disease in the lumbar spine;

   b. Facet arthropathy in the lumbar spine;

   c. Lumbosacral spondylosis;

   d. Chronic low back pain;

   e. Lumbar intervertebral disc disorder with radiculopathy; and

   f. Hypertension.

20. As a result of these conditions, Plaintiff continues to experience numerous debilitating symptoms, including, but not limited to: severe lower back pain, an inability to sit, stand, or walk for prolonged periods of time, limited range of motion, impaired ability to sleep, and impaired ability to drive.

21. Despite treatment with various drug therapies, including narcotic pain medication, Plaintiff continues to suffer from constant pain in his lower back and other debilitating symptoms.

22. As a result of his numerous and severely disabling conditions, Plaintiff is unable to perform the Material and Substantial Duties of his Own Occupation as a Costing and Information Analyst, which included, but were not limited to, analyzing variances

4

between company costs and standard costs, developing budgets, reviewing financial transactions, and monitoring inventory.

23. The Material and Substantial duty of monitoring inventory necessitated that Plaintiff have the ability to access the inventory/product, which required Plaintiff to climb on and off scaffolding, crouch, and lift building materials.

24. Plaintiff's job necessitated that Plaintiff have the ability to travel, as he was required to travel to the company's 40 building facilities located throughout the United States in order to perform his Material and Substantial duties.

25. As a result of his numerous and severely disabling conditions, Plaintiff is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

26. After being forced to leave work on or about April 6, 2019, Plaintiff applied for LTD benefits under the Plan.

27. By letter dated August 24, 2019, Liberty denied Plaintiff's LTD benefit claim.

28. Plaintiff timely appealed the denial of his LTD benefit claim by letter dated February 18, 2020, submitting argument and supporting documentation including updated medical records and supportive letters from his friends and family.

29. By letter dated March 9, 2020, Lincoln provided Plaintiff with a report from Lincoln's consulting physician and provided Plaintiff with an opportunity to respond.

30. Plaintiff timely responded to the report from Lincoln's consulting physician

5

by letter dated March 26, 2020, submitting argument and supporting documentation including medical literature and a supportive statement authored by Plaintiff's treating physician.

31. By letter dated May 6, 2020, Lincoln upheld its decision to deny Plaintiff's LTD benefit claim.

32. By its award letter dated July 26, 2020, the Social Security Administration ("SSA") found Plaintiff to be disabled and entitled to monthly Social Security disability benefits beginning October 2019.

33. Plaintiff now has exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

34. Defendant has wrongfully denied LTD benefits to Plaintiff in violation of the Policy, Plan, and ERISA for the following reasons:

    a. Plaintiff is disabled, as defined by the LTD benefits Policy and Plan, in that as a result of his disability, he is unable to perform the Material and Substantial Duties of his Own Occupation, and is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation;

    b. Defendant failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is disabled, by ignoring credible evidence that Plaintiff is unable to perform the Material and Substantial Duties of

his Own Occupation, and by ignoring credible evidence that Plaintiff is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation;

c. Defendant's interpretation of the definition of "Disability" or "Disabled" contained in the Policy is contrary to the plain language of the Policy and unreasonable;

d. Defendant has attempted to evade the impact of Plaintiff's numerous conditions and the severe functional limitations on his ability to perform the Material and Substantial Duties of his Own Occupation, and on his ability to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation;

e. Defendant has wrongfully denied Plaintiff a full, fair, and impartial review of his benefits by ignoring the weight and credibility of evidence submitted, looking for less credible evidence of marginal significance to support its goal of denying his benefits claim; and

f. Defendant has violated its contractual obligation to furnish LTD benefits to Plaintiff.

**WHEREFORE**, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to LTD benefits under the terms of the Plan and Policy, and that Defendant be ordered to

pay LTD benefits, and all other related benefits, until such time as Plaintiff reaches his Social Security Normal Retirement Age or is no longer disabled;

2. Award pre-judgment interest at a rate of at least 8%;

3. Enter an Order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful denial of benefits; and

4. Enter an award for such other relief as may be just and appropriate.

This the 14th day of October, 2020.

/s/Caitlin H. Walton
**CAITLIN H. WALTON**
N.C. Bar No. 49246
cwalton@essexrichards.com
**ESSEX RICHARDS, P.A.**
1701 South Boulevard
Charlotte, NC 28203-4727
Ph (704) 377-4300
Fax (704) 372-1357

*Attorney for Plaintiff*